## Clarence H. Guild, Exr., *et al.*, for an opinion.

### NOVEMBER 7, 1906.

Present: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Stating questions for opinion of supreme court.*

Section 323 of the court and practice act relative to stating a question for the opinion of the Supreme Court is intended to furnish a means by which all parties who have adversary interests in such matters as are set forth in the statute may bring them before the court in this summary manner, and it is necessary that *all* parties having such interests should concur in the statement of the case to bring themselves within the meaning of the section.

The statute was intended to apply only to cases where all the facts necessary to the decision of the court can be ascertained from the concurrent statement of the parties, and not to cases of controverted statements of fact to be ascertained *aliunde* such concurrent statement.

Although the statute provides that the court may order any person having an interest to be summoned in and be made a party, it would still be the privilege of such a party to refuse to concur in the statement of. the other parties and to have disputed facts ascertained by appropriate means.

Neither could the court, upon such a case stated, appoint trustees for the purpose of administering bequests, since this would be administering relief which the court has no jurisdiction to do under such statute.

Special Case stated for an opinion under the provisions of court and practice act, chapter 18, section 323. Petition dismissed.

Parkhurst, J.   This is a special case stated for an opinion under section 323 of chapter 18 of the court and practice act, which section reads as follows:

"Sec. 323.   Parties having adversary interests in any question of the construction of any statute of this state, or of any will, deed, or other writing, or in any question of title or evidence of title to any real or personal estate contracted to be sold, or which is to be otherwise dealt with, or as to the parties to or the form of any deed or other instrument for carrying such contract into effect, or as to any matter or thing within the jurisdiction of a court of equity, may concur in stating such question in the form of a special case for the opinion of the supreme court; and executors, administrators, trustees, in-

fants by their guardian or next friend, and married women, may concur in such statement; and the court may order any person having an interest therein to be summoned in and to be made a party thereto; and the court, on hearing the case, may declare its opinion of the rights involved therein without administering any relief, and such declaration shall have the same effect as to all the parties before the court as if contained in a decree on original bill: *Provided*, that the court may decline to answer such questions as in its opinion it can not properly decide."

The case is brought, by the executor and others interested under the will of Julia B. Stoughton, for the opinion of the court upon certain questions submitted.

In our opinion the purpose of the above quoted section is to furnish a means by which *all* parties who have adversary interests in such matters as are set forth may bring the same before the court in this summary manner; and it is necessary that *all* parties having such interests should concur in the statement of the case to bring themselves within the meaning of said section.

This statute was intended to apply only to cases where all the facts necessary to the decision of the court are to be ascertained from the concurrent statement of the parties, and not to cases of controverted statements of fact to be ascertained by evidence *aliunde* such concurrent statement.

If it be claimed that the provision that "the court may order any person having an interest therein to be summoned in and to be made a party thereto" is inconsistent with the above view, it is a sufficient answer to such claim that, in our opinion, if such a case arises and such a person be summoned and made a party under this provision, it would still be the privilege of such a party to refuse to concur in the statement of the other parties and to claim to have any facts which such party might dispute ascertained by means of a bill in equity where all controverted issues of fact may be properly ascertained and determined. And in such a case this court might properly decline to act, as provided in the last clause of the section.

In this case the parties are very numerous, and there is no sufficient evidence before the court that all of the petitioners themselves are concurring parties in the sense of the statute. The petition is signed only by one petitioner, and is not verified; "others" appear simply "by their solicitors," but it does not appear what "others," or whether or not all of the "others" are represented.

Again, certain other parties stated by the petition to be parties in interest are not joined as concurring parties, but are apparently treated as respondents upon whom citation should have been served, and possibly was served; but such citations are not now before the court, and there is no record to show that such parties have been brought before the court so as to be bound by its declaration, if any should be made.

Again, certain parties in interest appear to be two societies, to wit, a certain foreign missionary society and a certain home missionary society connected with the First Baptist Church of Providence, Rhode Island. It is stated by the petition that these societies are not properly named in the will, and are unincorporated voluntary associations; and there is nothing other than their names to show what the purposes of either of them are, or whether or not they are charitable or religious in their objects; nor does it appear that either of them is before the court or represented in any manner; and yet it appears that the testator has left bequests of considerable amount to each of them; and two of the most important questions submitted to the court are whether these bequests are lawful and valid or not.

It would seem, also, that if it should be found by the court that these unincorporated voluntary associations are entitled to receive the bequests mentioned as lawful charitable bequests, it would probably become necessary for a trustee to be appointed, under the chancery powers of the court, to take and administer such bequests.

Such an appointment of a trustee or trustees would be administering relief, and this the court has no jurisdiction to do under the express provisions of the statute above quoted.

For the reasons above indicated, the court declines to answer the questions submitted in this case; being of the opinion that it can not properly decide the questions raised in a proceeding of this character.

The petition is dismissed.

*James Harris, Irving Champlin,* and *Robert S. Emerson,* for certain parties.

